**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000384
26-NOV-2025
07:51 AM
Dkt. 62 SO**

NO. CAAP-23-0000384

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


J.R., Plaintiff-Appellee, v.
I.R., now known as I.S., Defendant-Appellant
(CASE NO. 1DV141007523)

AND

I.R., now known as I.S., Appellant, v.
CHILD SUPPORT ENFORCEMENT AGENCY, STATE OF HAWAI‘I,
and J.R., Appellees
(CASE NO. 1FAL-22-0000001)

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT


SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, and Wadsworth and McCullen, JJ.)

This appeal arises out of post-divorce proceedings between Defendant-Appellant I.R., now known as I.S. (**Mother**), and Plaintiff-Appellee J.R. (**Father**) regarding Mother's claim that she "overpaid" child support. Mother appeals from the "Decision and Order Regarding [Mother's] December 19, 2022 Motion for Post-Decree Relief" (**Decision and Order**) entered on May 11, 2023, by the Family Court of the First Circuit (**family court**).[1]

Father and Mother were divorced pursuant to a Divorce Decree entered on April 7, 2017. They have one child (the **Child**), born in 2006.

In the Divorce Decree, the family court awarded sole physical custody of the Child to Father and ordered Mother to pay

---

[1]    The Honorable Dyan M. Medeiros presided.

child support to Father in the amount of $1,069.00 per month pursuant to the Child Support Guidelines Worksheet. Paragraph 8 of the Divorce Decree provided, in part:

> For so long as [Mother] shall have an obligation to pay child support, [Mother] shall promptly advise [Father] in writing of any changes in her employment, indicating the name and address of her new employer and [Mother's] then current gross monthly income from all sources. [Father] shall promptly advise [Mother] of any change in his employment status in writing, indicating the name and address of his new employer and his then current gross monthly income from all sources.
>
> All of the foregoing shall be subject to further order of the Court.

On December 17, 2018, the family court granted Father permission to relocate to Massachusetts with the Child.

On December 19, 2022, Mother filed the motion for post-decree relief (**Motion**) that is the subject of this appeal. Mother claimed that Father violated the Divorce Decree by failing to disclose his employment status, employer and true income upon relocating, resulting in Father receiving child support in the amount of $58,795.00 that he was not entitled to receive. Father opposed the Motion on various grounds.

On April 12, 2023, the family court held a hearing on the Motion, received testimony and other evidence, and took the matter under advisement.

On May 11, 2023, the family court issued the Decision and Order. The family court ruled that the Divorce Decree did not require either party to notify the other of a change in their income <u>unless</u> there was also a change in their employment status. Father failed to comply with this duty to notify Mother when he lost employment in February 2019 and when he obtained new employment in June 2019. The family court concluded, however, that Mother failed to prove that she suffered actual damages in the form of "overpaid" child support as a result of Father's new employment. The family court sanctioned Father $500.00 for the failure to make the notification, to be offset against outstanding amounts Mother owed Father.

On July 24, 2023, the family court issued Findings of Fact and Conclusions of Law (**FOFs/COLs**).

2

On appeal, Mother contends that the family court erred: (1) in failing to enforce paragraph 8 of the Divorce Decree against Father;[2/] (2) in denying Mother attorney's fees and costs and in sanctioning Father only $500.00 for his "wilful disobedience" of the duty to disclose under the Divorce Decree; and (3) in sustaining Father's objection to Mother's question as to whether he told his attorney to notify Mother of his change in employment and earnings.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Mother's contentions as follows, and affirm.

(1)  Mother contends that "[t]he family court erred in failing to enforce paragraph 8 of the Divorce Decree against Father as to his new job in Boston and his monthly earnings and bonuses . . . ."  (Capitalization altered.)  She argues that the family court had a duty to enforce its own judgment, and erred by not ordering Father to disclose his employment and gross monthly income from all sources, which precluded her from establishing her fraud claim.

The family court did not err in construing Paragraph 8 of the Divorce Decree.  Paragraph 8 did not require Father to notify Mother of a change in his income <u>unless</u> there was also a change in his employment status.  Accordingly, Father was required to notify Mother when he lost employment in February 2019 and when he obtained new employment in June 2019, indicating his <u>then current</u> gross monthly income from all sources.  However, he was <u>not</u> required thereafter to provide Mother with monthly earnings statements or bonus information.

Mother argues generally that the family court failed to enforce Paragraph 8 by ordering Father to provide "the ordered information," but does not specify what that information was.

---

[2/]     Relatedly, Mother summarily challenges FOFs 39 through 46, but presents no specific argument as to why any of them is clearly erroneous. "This court is not obliged to address matters for which the appellant[ ] ha[s] failed to present discernible arguments."  <u>Hussey v. Say</u>, 139 Hawaiʻi 181, 191, 384 P.3d 1282, 1292 (2016) (internal quotation marks omitted) (quoting <u>Exotics Hawaiʻi-Kona, Inc. v. E.I. Du Pont De Nemours & Co.</u>, 116 Hawaiʻi 277, 288, 172 P.3d 1021, 1032 (2007)); <u>see</u> HRAP Rule 28(b)(7).

The court acknowledged that Father failed to notify Mother of his employment changes (and related income) in 2019 and sanctioned him for it.  To the extent Mother claims the court should have ordered Father, pursuant to Paragraph 8, to notify Mother of changes in his income <u>after</u> June 2019, her argument is without merit.

Additionally, the Motion itself did not request an order compelling disclosure of any information by Father, and instead sought "the [c]ourt's assistance to have Father refund the amount that was overpaid to him based on his true income, or to credit Mother for her overpayment towards any debt that she owes him."  It was not until closing argument during the April 12, 2023 hearing that Mother's attorney asked the family court to order Father to provide his monthly pay statements from 2019 to November 2021.[3/]  In these circumstances, the family court did not abuse its discretion in declining to make such an order.

On this record, COLs 4 and 5 are not wrong.

(2) Mother contends that the family court erred in denying her attorney's fees and costs and in sanctioning Father only $500.00 for his "willful disobedience" of the duty to disclose under the Divorce Decree.

Sanctions imposed by a court must be commensurate with the offense.  <u>Weinberg v. Dickson-Weinberg</u>, 123 Hawaiʻi 68, 77, 229 P.3d 1133, 1142 (2010).  Here, the family court found Father credible when he testified that he did not consider whether his loss of employment in March 2019 or his new employment in June 2019, at a higher salary, would affect child support calculations.  We "will not pass upon issues dependent upon the credibility of witnesses and the weight of evidence; this is the province of the trier of fact."  <u>Fisher v. Fisher</u>, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006) (quoting <u>In re Doe</u>, 95 Hawaiʻi 183, 190, 20 P.3d 616, 623 (2001)).

Without a showing that Mother suffered actual damages in the form of "overpaid" child support, or that Father acted in

---

[3/]  It appears that Mother already had at least some of Father's relevant income information when she filed the Motion, as she attached copies of Father's W-2 statements for 2020 and 2021, and a November 10, 2021 statement from his employer confirming Father's average monthly gross income.

willful disobedience of the Divorce Decree in failing to make the disclosure, the imposition of a $500.00 sanction and denial of Mother's request for fees and costs was not an abuse of discretion.

On this record, COLs 6 and 10 are not wrong.

(3) Mother contends that the family court erred at the April 12, 2023 hearing when it sustained Father's objection during the following exchange:

> Q. (By [Mother's Counsel]) All right. Well, why did you defy this court order?
>
> A. I did not defy the court order. I simply was working through attorneys in the processes of the family court and CSEA for all matters that were relevant to those issues, because of the constant litigation.
>
> Q. Well, this order says plaintiff. That was you, isn't that correct, you're the plaintiff?
>
> A. Yes.
>
> Q. Shall promptly advise defendant of any changes in his employment status in writing indicating the name and address of his new employer and his then current gross monthly income for all sources. You didn't do that, did you?
>
> A. No, I did not.
>
> Q. <u>Did you ask his -- your attorney to tell your ex-wife</u>?
>
> [FATHER' COUNSEL]: Objection. <u>That goes into privileged communications that are not admissible before the Court</u>.
>
> [MOTHER'S COUNSEL]: <u>It's not a -- it's not a privileged communication, Your Honor. The -- the divorce decree ordered him to do this. If he did it through his attorney, I have a right to know that</u>.
>
> THE COURT: <u>I think it does go to privilege what he communicated to his attorney</u>. You can ask him if his attorney communicated that to her attorney, but you can't ask him what he told his attorney. <u>Objection is sustained</u>.

(Emphases added.) Mother argues that she "certainly had the right to know if Father told his attorney to communicate the required information to her. If he did not do so, that is further evidence of Father's bad faith in that he made no effort whatsoever to comply with the divorce decree."

The attorney-client privilege allows a client to refuse to disclose, and to prevent any other person from disclosing,

confidential communications made between the client and his lawyer for the purpose of facilitating the rendition of professional legal services to the client.  Hawaiʻi Rules of Evidence Rule 503.  Here, the family court correctly sustained the objection to Mother's question asking Father whether he told his attorney to notify Mother of his change in employment and earnings.  On its face, Mother's question called for the disclosure of a protected attorney-client communication, and Mother presented no valid basis for ignoring the applicable privilege.

For the reasons discussed above, we affirm the "Decision and Order Regarding [Mother's] December 19, 2022 Motion for Post-Decree Relief" entered on May 11, 2023, by the Family Court of the First Circuit.

DATED:  Honolulu, Hawaiʻi, November 26, 2025.


On the briefs:

Earl A. Partington
for Defendant-Appellant.

Christopher D. Thomas
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge